IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WESTERN GOVERNORS UNIVERSITY as fiduciary of the WESTERN GOVERNORS UNIVERSITY WELFARE BENEFIT PLAN,**

        **Plaintiff,**

v.

**DEBORAH PERKINS, as personal representative of the Estate of Robbie Belinda Roberts,**

        **Defendants.**

Case No.

---

# COMPLAINT

COMES NOW, Western Governors University ("WGU"), as fiduciary for the Western Governors University Welfare Benefit Plan ("WGU Plan"), by and through undersigned counsel, and for its Complaint against the Defendant, states and alleges as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000-1461, ("ERISA").

2. The WGU Plan is a self-funded employee welfare benefit plan as ERISA defines those terms. WGU is the plan sponsor and plan administrator, and therefore a fiduciary, of the WGU Plan. WGU is authorized to bring this action on behalf of all WGU Plan participants and beneficiaries to enforce the terms of the WGU Plan and to protect the assets of the WGU Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. Defendant, Deborah Perkins, is a resident of the State of Florida, residing at 2122 McMillan Street, Jacksonville, Florida 32209.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA.

5. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendants reside in this district and because the breach of the WGU Plan provisions has occurred and is occurring in this district.

## FACTUAL ALLEGATIONS

6. At all times relevant herein, Robbie Belinda Roberts ("Decedent") was a participant in the WGU Plan.

7. On or about October 24, 2024, Decedent sustained significant injuries as a result of an automobile accident, which ultimately caused her death on October 29, 2024.

8. Prior to her death, the WGU Plan paid benefits of $276,848 for the Decedent's accident-related medical treatment. The terms of the WGU Plan under which these benefits were paid is attached hereto as Exhibit A.

9. The WGU Plan contains an express provision that provides that the WGU Plan must be fully reimbursed from a recovery from any source, including liability insurance and automobile medical payments coverage. This language constitutes an equitable lien by agreement over the proceeds of any settlement, including recoveries obtained by the covered person's relatives, heirs, or assignees. Exhibit A, pp. 54-56

10. The Estate of Robbie Belinda Roberts ("the Estate"), through its personal representative Deborah Perkins ("Personal Representative"), asserted a claim against the parties at-fault for the aforementioned automobile accident.

11. After attorney fees and costs, the Estate was paid $115,902.40 from the proceeds of the settlements.

12. Conduent Payment Integrity Solutions, Inc. placed attorneys for the Estate and Personal Representative on notice of the WGU Plan's right to be reimbursed from the proceeds of the settlements.

13. On November 10, 2025, the attorney for the Personal Representative filed an objection to "any claim/lien filed in this proceeding by Conduent Payment Integrity Solutions and/or CIGNA" and stated that the

claimant must bring an action on its claim within 30 days of service of the objection or forever be barred. The objection is attached hereto as Exhibit B.

14. Conduent was served with notice of the objection on November 10, 2025.

15. On November 8, 2025, Plaintiff filed a Statement of Claim within the Estate of Robbie Roberts.

## **COUNT I: DECLARATORY RELIEF**

16. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 15 above.

17. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201-2202 to resolve an actual, present controversy between the parties concerning the enforceability of the WGU Plan's claim for an equitable lien by agreement over the proceeds of a settlement obtained by the Estate.

18. The Estate, through its personal representative Deborah Perkins, reached a settlement of claims arising out of the accident that caused the Decedent's injuries.

19. The settlement proceeds obtained by the Estate constitute a specifically identifiable fund to which the WGU Plan's equitable lien attached by operation of the Plan's reimbursement and subrogation provisions.

20. The Personal Representative has objected to claims asserted by agents of the WGU Plan to seek reimbursement from the proceeds of the

settlement, which necessitated the filing of this lawsuit within 30 days of the objection by the WGU Plan to preserve its claim.

21. An actual, substantial and continuing controversy exists between the parties concerning the WGU Plan's right to enforce its claim on the proceeds of the settlement to recover for benefits paid on behalf of the Decedent.

22. The WGU Plan requires a declaration from this Court to protect and enforce its rights under ERISA and the terms of the WGU Plan.

## COUNT II – EQUITABLE LIEN BY AGREEMENT OVER PROCEEDS IN THE POSSESSION OF DEBORAH PERKINS

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 22 above.

24. Upon information and belief, Deborah Perkins, as personal representative of the Estate, is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that, as a matter of equity and good conscience, belong to the WGU Plan.

25. The Estate has failed to turn over the settlement proceeds according to the written provisions of the WGU Plan.

26. This Court should impose an equitable lien by agreement in favor of the WGU Plan on the settlement funds that are in Deborah Perkins's or the Estate's actual or constructive possession.

## COUNT III – ATTORNEYS' FEES

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 37 above.

28. Plaintiff seeks its actual attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff seeks the following relief:

a. For service upon the Defendant as required by law;

b. A declaratory judgment that the WGU Plan holds a valid and enforceable equitable lien by agreement against the settlement proceeds obtained by the Estate of Robbie Belinda Roberts;

c. An order imposing an equitable lien by agreement in favor of the Plaintiff upon the settlement proceeds and requiring Defendants, as constructive trustee, to transfer the funds to the Plaintiff;

d. An order awarding to Plaintiff reasonable attorneys' fees and costs incurred herein, pursuant to section 29 U.S.C. § 1132(g)(1); and

e. Other and further equitable relief to which the Plaintiff may be entitled.

Respectfully submitted,

**KOLB, CLARE AND ARNOLD, PSC**

*/s/ John D. Kolb*
John D. Kolb (0081618)
jkolb@kcalegal.com
9400 Williamsburg Plaza,
Suite 200 Louisville,
Kentucky 40222
(502) 614-3776  Telephone
(844) 557-439  Facsimile

**ATTORNEY FOR PLAINTIFF**